TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA Collective,*
*and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
LI PING DAI,
RUGUO DONG, and
GUO YI WANG,
*on behalf of themselves and others similarly situated,*
                                           Plaintiffs,

                        v.

LYCHEE HOUSE INC.
        d/b/a Lychee House,
GUO PING CHEN,
HONG SHENG CHENG
        a/k/a Hong Sheng Chen,
XIAN YONG ZENG,
LEO "DOE," and
"JOHN DOES" 1–5,
                                           Defendants.
-----------------------------------------------------------------x

**Case No: 17-cv-6197**

**<u>29 U.S.C. § 216(b)</u>**
**<u>COLLECTIVE ACTION &</u>**
**<u>FED. R. CIV. P. 23 CLASS</u>**
**<u>ACTION</u>**

**<u>COMPLAINT</u>**

        Plaintiffs LI PING DAI (hereafter referred to as "Plaintiff DAI"), RUGUO DONG

(hereafter referred to as "Plaintiff DONG"), and GUO YI WANG (hereafter referred to as

"Plaintiff WANG") (collectively "Plaintiffs"), on behalf of themselves and others similarly

situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against

Defendants LYCHEE HOUSE INC. d/b/a Lychee House, GUO PING CHEN, HONG SHENG

CHENG a/k/a Hong Sheng Chen, XIAN YONG ZENG, LEO "DOE," and "JOHN DOES" 1–5

(collectively "Defendants"), and allege as follows:

## INTRODUCTION

1.     This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.     Defendants willfully failed to record all of the time that Plaintiffs and similarly situated employees work or worked, including all work done in excess of forty hours each week.

4.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants:  (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.     Plaintiffs further allege pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid "spread of hours," (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a wage statement that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number,

employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Western District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

9.      Plaintiff DAI was employed by Defendants as a meat preparer at Lychee House, located at 141 E 55th Street, New York, NY 10022.

10.     Plaintiff DONG was employed by Defendants as a vegetable preparer at Lychee House, located at 141 E 55th Street, New York, NY 10022.

11.     Plaintiff WANG was employed by Defendants as a waiter at Lychee House, located at 141 E 55th Street, New York, NY 10022.

## DEFENDANTS

*Corporate Defendant*

12.     Defendant LYCHEE HOUSE INC. d/b/a Lychee House is a domestic business corporation organized under the laws of the State of New York with a principal place of business

at 141 E 55th Street, New York, NY 10022.

13.     LYCHEE HOUSE INC. d/b/a Lychee House is a business engaged in interstate

commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.     LYCHEE HOUSE INC. d/b/a Lychee House purchased and handled goods moved in

interstate commerce.

***Owner/Operator Defendants***

15.     The Owner/Operator Defendants are officers, directors, managers, majority shareholders

and/or owners of the Corporate Defendant.

16.     Being among the ten largest shareholders of the Corporate Defendant, the

Owner/Operator Defendants are individually responsible for unpaid wages under the New York

Business Corporation Law.

17.     Owner/Operator Defendant GUO PING CHEN, known to Plaintiffs as "Big Boss," (1)

had the power to hire and fire employees, (2) supervised and controlled employee work

schedules or conditions of employment, (3) determined the rate and method of payment, and (4)

maintained employee records at LYCHEE HOUSE INC. d/b/a Lychee House.

18.     Upon information and belief, GUO PING CHEN is the founder of LYCHEE HOUSE

INC. d/b/a Lychee House.

19.     GUO PING CHEN acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2

and the regulations thereunder, and is jointly and severally liable LYCHEE HOUSE INC. d/b/a

Lychee House.

20.     Owner/Operator Defendant HONG SHENG CHENG a/k/a Hong Sheng Chen, known to

Plaintiffs as "New Boss," (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employee records at LYCHEE HOUSE INC. d/b/a Lychee House.

21.    HONG SHENG CHENG a/k/a Hong Sheng Chen is the Chief Executive Officer of LYCHEE HOUSE INC. d/b/a Lychee House.

22.    HONG SHENG CHENG a/k/a Hong Sheng Chen is a New York Division of Alcoholic Beverage Control principal for LYCHEE HOUSE INC. d/b/a Lychee House.

23.    HONG SHENG CHENG a/k/a Hong Sheng Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable LYCHEE HOUSE INC. d/b/a Lychee House.

24.    Owner/Operator Defendant XIAN YONG ZENG, also known to Plaintiffs as "New Boss," (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LYCHEE HOUSE INC. d/b/a Lychee House.

25.    XIAN YONG ZENG is a New York Division of Alcoholic Beverage Control principal for LYCHEE HOUSE INC. d/b/a Lychee House.

26.    XIAN YONG ZENG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable LYCHEE HOUSE INC. d/b/a Lychee House.

27.    Owner/Operator Defendant LEO "DOE," known to Plaintiffs as "Small Boss," (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employee records at LYCHEE HOUSE INC. d/b/a Lychee House.

28.     LEO "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA,
29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2 and
the regulations thereunder, and is jointly and severally liable LYCHEE HOUSE INC. d/b/a
Lychee House.

29.     Owner/Operator Defendants "JOHN DOES" 1–5 (1) had the power to hire and fire
employees, (2) supervised and controlled employee work schedules or conditions of
employment, (3) determined the rate and method of payment, and (4) maintained employee
records at LYCHEE HOUSE INC. d/b/a Lychee House.

30.     "JOHN DOES" 1–5 acted intentionally and maliciously and is an employer pursuant to
FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2
and the regulations thereunder, and is jointly and severally liable LYCHEE HOUSE INC. d/b/a
Lychee House.

## STATEMENT OF FACTS

***Defendants Committed the Following Alleged Acts Knowingly, Intentionally and Willfully
against the Plaintiff, the FLSA Collective Plaintiff, and the Class***

31.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and
similarly situated employees at least the New York minimum wage for each hour worked.

32.     At all relevant times, Defendants knowingly and willfully refrained from informing
Plaintiffs of their obligation to pay federal and New York minimum wage.

33.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws
requiring employers to pay employees overtime.

34.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

35.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

36.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours worked and wages paid.

37.     Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

38.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

39.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with statements every payday in their primary languages that accurately listed all of the following: the dates of work covered by that payment of wages;  the employee's name; the name of the employer;  the address and phone number of the employer;  the employee's rate or rates of pay and basis thereof; the employee's gross wages;   the employee's deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay;

the employee's number of regular hours worked, and the employee's number of overtime hours worked.

40.    At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

41.    Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

42.    Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

43.    At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

### Plaintiff LI PING DAI

44.    From on or about January 4, 2007 to the present time, Plaintiff DAI was employed by Defendants to work preparing meat at Lychee House, 141 E 55th Street, New York, NY 10022.

45.    From on or about January 4, 2007 to December 31, 2009, Plaintiff DAI worked six (6) days per week, 11:30 to 22:30 or eleven (11) hours each day, with one half-hour (.5) rest break per day, or sixty-three (63) hours per week.

46.    From on or about January 1, 2010 to December 31, 2016, Plaintiff DAI worked five (5) days per week, 11:30 to 22:30 or eleven (11) hours each day, with one half-hour (.5) rest break per day, or fifty-two and one half (52.5) hours per week.

47.    From on or about January 1, 2017, Plaintiff DAI worked five (5) days per week, 12:00 to 22:00 or ten (10) hours each day, with one half-hour (.5) rest break per day, or forty-seven and

one half (47.5) hours per week.

48.    For the month of January 2007, Plaintiff DAI was paid at a rate of one thousand four hundred dollars ($1,400.00) per month.

49.    From on or about February 2007 to April 2007, Plaintiff DAI was paid at a rate of one thousand five hundred dollars ($1,500.00) per month.

50.    From on or about May 2007 to October 2007, Plaintiff DAI was paid at a rate of one thousand six hundred dollars ($1,600.00) per month.

51.    From on or about November 2007 to December 2009, Plaintiff DAI was paid at a rate of one thousand eight hundred dollars ($1,800.00) per month.

52.    From on or about January 1, 2010 to December 31, 2015, Plaintiff DAI was paid at a rate of one thousand seven hundred dollars ($1,700.00) per month.

53.    From on or about January 1, 2016 to December 31, 2016, Plaintiff DAI was paid at a rate of nine dollars ($9.00) per hour.

54.    From on or about January 1, 2017 to the present time, Plaintiff DAI was paid at a rate of eleven dollars ($11.00) per hour.

55.    Throughout his employment, Plaintiff DAI was paid every other Thursday, with half of his pay being paid in cash and half of his pay being by check.

56.    From on or about January 4, 2007 to January 1, 2016, Plaintiff DAI was paid a flat salary and did not receive overtime.

57.    From on or about January 1, 2016 to December 31, 2016, despite receiving an hourly wage, Plaintiff DAI was not paid overtime.

58.    From on or about January 1, 2017 to the present, Plaintiff DAI was paid overtime for five (5) of the hours he worked beyond forty (40) in each workweek, but not for all hours he worked

beyond forty (40) in each workweek.

59.    From on or about January 1, 2017 to the present, Plaintiff DAI received no pay for some of the hours he worked each day.

60.    Throughout his employment, Plaintiff DAI was not paid spread of hours for days which began and ended ten (10) hours apart.

61.    Plaintiff DAI did not receive wage statements along with his pay. Plaintiff DAI kept his own records of wages paid.

62.    Beginning in 2010, Plaintiff DAI was required to punch in and punch out times that did not reflect his actual working time. Defendants maintained no time recording system prior to 2010.

63.    Plaintiff DAI was not paid for each and every hour that he worked.

64.    Plaintiff DAI was not paid at least the minimum wage for every hour that he worked.

65.    Plaintiff DAI was not paid spread of hours for all days worked longer than ten (10) hours.

66.    Throughout his employment, Plaintiff DAI was afforded two ten-to-fifteen (10-15) minute meal breaks during each working day.

*Plaintiff RUGUO DONG*

67.    From on or about January 2010 to the present time, Plaintiff DONG was employed by Defendants to work as a vegetable cutter at Lychee House, 141 E 55th Street, New York, NY 10022.

68.    At the time he was hired, Plaintiff DONG was required to sign a piece of paper the contents of which were in English, that he did not understand. Plaintiff DONG's primary language is Chinese.

69.    From on or about January 2010 to December 31, 2016, with the exception of September, 2016, Plaintiff DONG worked five (5) days per week, 11:30 to 22:30 or eleven (11) hours each

day, with one half-hour (.5) rest break per day, or fifty-two and one half (52.5) hours per week.

70.    For the month of September, 2016, Plaintiff DONG worked seven (7) days per week, 11:30 to 22:30 or eleven (11) hours each day, with one half-hour (.5) rest break per day, or seventy-three and one half (73.5) hours per week.

71.    From on or about January 1, 2017, to the present time, Plaintiff DONG worked five (5) days per week, Tuesdays through Saturdays, 12:00 to 22:00 or ten (10) hours each day, with one one-and-one-half-hour (1.5) rest break per day, or forty-two and one half (42.5) hours per week.

72.    For 2010, 2011, and 2012, Plaintiff DONG was paid at a rate of one thousand six hundred dollars ($1,600.00) per month, with half his monthly salary being paid every half-month.

73.    For 2013, Plaintiff DONG was paid at a rate of one thousand seven hundred dollars ($1,700.00) per month, with half his monthly salary being paid every half-month.

74.    From on or about January 1, 2014 to December 31, 2016, Plaintiff DONG was paid at a rate of nine dollars ($9.00) per hour, paid every two weeks.

75.    From on or about January 1, 2016 to the present time, Plaintiff DONG was paid at a rate of eleven dollars ($11.00) per hour, paid every two weeks, approximately three hundred dollars ($300.00) by check and the remainder in cash. Tax was withheld on the portion paid by check alone.

76.    From on or about January 2010 to January 1, 2014, Plaintiff DONG was paid a flat salary and did not receive overtime.

77.    From on or about January 1, 2014 to the present time, despite receiving an hourly wage, Plaintiff DONG was not paid overtime.

78.    In fact, from on or about January 1, 2016 to the present time, Plaintiff DONG was paid

for only eight (8) hours of work each day, despite working more than eight (8) hours each day.

79.    Throughout his employment, Plaintiff DONG was not paid spread of hours for days which began and ended ten (10) hours apart.

80.    Plaintiff DONG was not paid for each and every hour that he worked.

81.    Plaintiff DONG was not paid at least the minimum wage for every hour that he worked.

82.    Plaintiff DONG was not paid spread of hours for all days worked longer than ten (10) hours.

83.    Throughout his employment, Plaintiff DONG was afforded two ten-to-fifteen (10-15) minute meal breaks during each working day. From on or about January 1, 2017, these meal breaks were fixed at 14:30 and 20:30.

### Plaintiff GUO YI WANG

84.    From on or about October 2012 to October 2013, Plaintiff WANG was employed by Defendants to work as a waiter at Lychee House, 141 E 55th Street, New York, NY 10022.

85.    Throughout his employment, Plaintiff WANG worked:

    a.    Five (5) days per week, 11:00 to 22:30 or eleven (11.5) hours each day, with two half-hour (.5) meal breaks per day; and

    b.    One (1) day per week, 11:00 to 15:00 or four (4) hours,

for a grand total of fifty-six and one half (56.5) hours per week. Plaintiff WANG did not work on Saturdays, and his half day was not fixed.

86.    Throughout his employment, Plaintiff WANG was required to pay five dollars ($5.00) per day to take meal breaks.

87.    Throughout his employment, Plaintiff WANG was required to spend more than two hours per day doing untipped side work.

88.    Throughout his employment, Plaintiff WANG was paid at a rate of seven hundred dollars

($700.00) per month, in cash, regardless of the number of hours he worked.

89.     Throughout his employment, Plaintiff WANG was given three hundred fifty dollars ($350.00) on the fifteenth day and on the last day of each month.

90.     Throughout his employment, Plaintiff WANG did not receive overtime or spread of hours.

91.     Throughout his employment, Plaintiff WANG did not receive wage statements informing him that Defendants were claiming a tip credit or meal credit towards the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

92.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt chefs, cooks, fry woks, oil woks, dishwashers, other kitchen workers, sushi chefs, hosts, waiters, packers, bussers, cashiers, and deliverymen who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

93.     Plaintiffs bring their NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after December 31, 2015 (the "Class Period").

94.     All said persons, including Plaintiff, are referred to herein as the "Class."

95.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

96.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

97.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.    Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.    Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.    Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

g.      Whether Defendants provided full and accurate paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

98.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to pay spread of hours. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

99.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

### Superiority

100.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

101.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Fair Labor Standards Act—Failure to Pay Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

102.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

103.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and similarly situated employees for some or all of the hours that they worked.

104.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

105.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

106.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Violation of New York Labor Law—Failure to pay Minimum Wage
### Brought on behalf of the Plaintiff and the Rule 23 Class]

107.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

108.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

109.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and

the class members for some or all of the hours they worked.

110.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the class members, for some or all of the hours they worked.

111.    Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

112.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

113.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

114.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

115.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

116.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

117.    At all relevant times, Defendants had, and continue to have, a policy and practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

118.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

119.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

120.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiff and the Rule 23 Class]

121.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

123.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and

the class are entitled to.

124.    Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

125.    Defendants' failure to pay Plaintiffs was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Pay Spread of Time**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

126.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

127.    The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*,

and New York State Department of Labor regulations § 146-1.6.

128.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

129.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

130.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30)

minutes for employees who work a shift of more than six hours extending over the noon day

meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at

least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later

than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning

and end of the shift for employees whose shift lasts more than six hours and starts between 1

p.m. and 6 a.m. NYLL § 162.

131.    Defendants failed to provide meal periods required by NYLL § 162 for every day that

Plaintiffs work or worked.

132.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

133.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and the Rule 23 Class]

134.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

135.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by 12 NCYRR § 146-2.1.

136.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

137.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

138.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and the Rule 23 Class]

139.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

140.    The NYLL and supporting regulations require employers to provide written notice of the

rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

141.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or his first day of employment.

142.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

143.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stubs Brought on behalf of Plaintiff and the Rule 23 Class]

144.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

145.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

146.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after

each Plaintiff's payday.

147.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-d).

## COUNT X.
### [Violations of 26 USC § 7434—Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiff and the Rule 23 Class]

148.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

149.     26 USC § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

150.     Due to Defendants' violations of 26 USC § 7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Violations of New York General Business Law § 349—Deceptive Acts and Practices Brought on behalf of the Plaintiff and the Rule 23 Class]

151.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

152.     New York General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

153.    Due to Defendants' violations of New York GBS Law § 349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

154.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

   a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

   b)    Certification of this case as a collective action pursuant to FLSA;

   c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

l)      The cost and disbursements of this action;

m)     An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York
        August 16, 2017

                        TROY LAW, PLLC
                        *Attorneys for the Plaintiff, proposed FLSA*
                        *Collective and potential Rule 23 Class*


                        ____/s/ John Troy_____
                        John Troy (JT0481)
                        41-25 Kissena Boulevard Suite 119
                        Flushing, NY 11355
                        Tel: (718) 762-1324
                        Email: johntroy@troypllc.com